✎AO 245B (CASD) (Rev. 4/14) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

2015 JUN -3 AM 8: 14

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | (For Offenses Committed On or ~~After November 1, 1987~~) |
| Juan Manuel Perez -1 | Case Number: 13-cr-04198-JAH-1 |
| | Casey J Donovan Jr |
| | Defendant's Attorney |

**REGISTRATION NO.** 45764298

☐

THE DEFENDANT:
☒ pleaded guilty to count(s) One of the Indictment

☐ was found guilty on count(s) _____
after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| **Title & Section** | **Nature of Offense** | **Count Number(s)** |
|---|---|---|
| 18:922(g)(1); 18:924(d)(1) and 28:2461(c) | Felon in Possession of Ammunition | 1 |

The defendant is sentenced as provided in pages 2 through __4__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ is ☐ are ☐ dismissed on the motion of the United States.

☒ Assessment: $100.00.

☒ No fine      ☒ Forfeiture pursuant to order filed __4/9/15__, included herein.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

May 26, 2015
Date of Imposition of Sentence

HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

13-cr-04198-JAH-1

AO 245B (CASD) (Rev. 4/14) Judgment in a Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 2 of 4

DEFENDANT: Juan Manuel Perez -1
CASE NUMBER: 13-cr-04198-JAH-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of Thirty-six months.

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).

☒ The court makes the following recommendations to the Bureau of Prisons:
The Court recommends custody be served at FCI Terminal Island or the Western Region.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
☐ at _____ ☐ a.m. ☐ p.m. on _____ .
as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
☐ before _____
☐ as notified by the United States Marshal.
☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

13-cr-04198-JAH-1

AO 245B (CASD) (Rev. 4/14) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page 3 of 4

DEFENDANT: Juan Manuel Perez -1
CASE NUMBER: **13-cr-04198-JAH-1**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:
Three years.

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than __4__ drug tests per month during the term of supervision, unless otherwise ordered by court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒ The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC sections 3563(a)(7) and 3583(d).

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (CASD) (Rev. 4/14) Judgment in a Criminal Case
Sheet 4 — Special Conditions

DEFENDANT: Juan Manuel Perez -1
CASE NUMBER: 13-cr-04198-JAH-1

Judgment—Page 4 of 4

## SPECIAL CONDITIONS OF SUPERVISION

☒ Submit person, property, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

☐ If deported, excluded, or allowed to voluntarily return to country of origin, not reenter the United States illegally and report to the probation officer within 24 hours of any reentry to the United States; supervision waived upon deportation, exclusion or voluntary departure.

☐ Not transport, harbor, or assist undocumented aliens.

☐ Not associate with undocumented aliens or alien smugglers.

☐ Not reenter the United States illegally.

☐ Not enter or reside in the Republic of Mexico without written permission of the Court or probation officer.

☒ Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

☐ Not possess any narcotic drug or controlled substance without a lawful medical prescription.

☐ Not associate with known users of, smugglers of, or dealers in narcotics, controlled substances, or dangerous drugs in any form.

☐ Participate in a program of mental health treatment as directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

☐ Take no medication containing a controlled substance without valid medical prescription, and provide proof of prescription to the probation officer, if directed.

☐ Provide complete disclosure of personal and business financial records to the probation officer as requested.

☐ Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

☐ Seek and maintain full time employment and/or schooling or a combination of both.

☐ Resolve all outstanding warrants within _____ days.

☐ Complete _____ hours of community service in a program approved by the probation officer within

☐ Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of

☒ Participate in a program of drug or alcohol abuse treatment, including urinalysis or sweat patch testing and counseling, as directed by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

☐ Comply with the conditions of the Home Confinement Program for a period of _____ months and remain at your residence except for activities or employment as approved by the court or probation officer. Wear an electronic monitoring device and follow procedures specified by the probation officer. Pay the total cost of electronic monitoring services, or a portion if deemed appropriate by the probation officer.

13-cr-04198-JAH-1

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 13cr4198-JAH |
|---|---|
| Plaintiff, | PRELIMINARY ORDER OF CRIMINAL FORFEITURE |
| v. | |
| JUAN MANUEL PEREZ, | |
| Defendant. | |

WHEREAS, in the Indictment in the above-captioned case, the United States seeks forfeiture of all right, title and interest in specific properties of the above-named Defendant, JUAN MANUEL PEREZ ("Defendant"), pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), as properties in violation of 18 U.S.C. § 922(g)(1), as charged in the Indictment; and

WHEREAS, on or about February 26, 2015, the Defendant pled guilty before Magistrate Judge Jill L. Burkhardt to the Indictment; and

WHEREAS, on March 16, 2015, this Court accepted Defendant's guilty plea; and

WHEREAS, by virtue of the facts set forth in the Plea Agreement and Forfeiture Addendum, the United States has established the requisite nexus between the forfeited properties and the offense; and

//

//

WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession of said properties, pursuant to 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c), and 21 U.S.C. §§ 853(a)(1) and (a)(2); and

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the following properties which were found forfeitable by the Court, namely:

(1) One (1) Bryco Arms/Jennings .380 caliber semiautomatic handgun, Serial No. 555710; and

(2) Approximately nine (9) rounds of .380 caliber Remington ammunition; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Based upon the guilty plea of the Defendant, the United States is hereby authorized to take custody and control of the following assets, and all right, title and interest of Defendant in the following properties are hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

(1) One (1) Bryco Arms/Jennings .380 caliber semiautomatic handgun, Serial No. 555710; and

(2) Approximately nine (9) rounds of .380 caliber Remington ammunition.

2. The aforementioned forfeited assets are to be held by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") in its secure custody and control.

3. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties.

4. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the

1  United States forthwith shall publish for thirty (30) consecutive days on the
2  Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the
3  United States' intent to dispose of the properties in such manner as the Attorney General
4  may direct, and notice that any person, other than the Defendant, having or claiming a
5  legal interest in the above-listed forfeited properties must file a petition with the Court
6  within thirty (30) days of the final publication of notice or of receipt of actual notice,
7  whichever is earlier.

    5.  This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought.

    6.  The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties that is the subject of the Preliminary Order of Criminal Forfeiture.

    7.  Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

    8.  Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

IT IS SO ORDERED.

DATED: April 8, 2015

JOHN A. HOUSTON
United States District Judge